IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RAYMOND ORRAND, et al.,

    Plaintiffs,

vs.                                    Civil Action 2:96-CV-766
                                      Judge Holschuh
                                      Magistrate Judge King

MAINTENANCE UNLIMITED,
INC.,

    Defendant.

## OPINION AND ORDER

       This action is brought on behalf of the Ohio Operating Engineers Health and Welfare Plan, Ohio Operating Engineers Pension Fund, the Ohio Operating Engineers Apprenticeship Fund and the Ohio Operating Engineers Safety & Education Fund, jointly-administered, multi-employer fringe benefit programs established for the benefit of employees of contractors who perform work within the trade jurisdiction of the International Union of Operating Engineers, Local Nos. 18, 18A and 18B. Plaintiff Raymond Orrand is the administrator of the funds.

       Asserting claims under ERISA, 29 U.S.C. §1132, and 29 U.S.C. §185 for breach of the collective bargaining agreement, plaintiffs seek to recover amounts allegedly due the plans from the defendant. This

matter is now before the Court on plaintiffs' motion for summary judgment.

Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact. Rule 56, F.R. Civ. Pro. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251. See also *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

The complaint seeks allegedly unpaid contributions relating to the period January 1, 1990, to December 31, 1995, in the principal amount of $112,860.54, monthly contributions for unaudited periods beginning January 1, 1996, interest and costs of collection, including attorneys fees.

The parties appear to agree that the amounts in dispute relate to amounts paid employees for work assignments that did not fall into the category of operating engineer, as well as for vacation time. Defendant opposes the motion for summary judgment on the ground that such amounts are not properly subject to fringe benefit payments. Moreover, defendant contends that plaintiffs have failed to establish "a valid signed contribution agreement covering the time period from 1991 to 1994." *Defendant Maintenance Unlimited, Inc.'s Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment*, at 10.

Attached to the motion for summary judgment is the affidavit

of Raymond Orrand, in which he authenticates certain documents attached, in turn, to his affidavit. *Exhibit A* (attached to *Plaintiffs' Motion for Summary Judgment*). Among those documents is a document captioned "ACCEPTANCE OF AGREEMENT," executed by M.L. Friscone on behalf of defendant on January 15, 1990[1] by which Maintenance Unlimited, Inc., agreed to

> join in, adopt, accept and become a party to the collective bargaining agreement heretofore made by the Construction Employers Association with the International Union of Operating Engineers Local 18, 18A, 18B and 18RA (AFL-CIO) including all of the provisions therein, and those pertaining to contributions to Trust Funds providing for Health & Welfare, Pension, Apprenticeship, Training, or any other fringe benefits and **agree to be bound by any Trust Agreement hereafter entered into between these parties** and agrees to make contributions as required and authorizes these parties to name the Trustees to administer said funds and ratifies and accepts such Trustees in the terms and conditions of the Trusts as if made by the undersigned.

Plaintiffs have therefore adduced evidence that defendant is a signatory to a written agreement by which defendant became bound to pay contributions to the employee benefit welfare plans.[2] Defendant has failed to proffer any evidence controverting the evidence presented by

---

[1] Mary Friscone identified her signature on this document. *Deposition of Mary Friscone*, at 11-12 (attached to *Plaintiffs' Reply in Support of Plaintiffs' Motion for Summary Judgment*).

[2] Defendant also argues that it is prohibited, under the Labor Management Relations Act, 29 U.S.C. §186(c)(5)(B), from paying any money to the fringe benefit plan absent a written agreement. The evidence adduced by the plaintiffs establishes that there exists a written agreement to which the defendant is bound. *See National Leadburners Health and Welfare Fund, etc. v. O.G. Kelley & Company, Inc.*, 129 F.3d 372 (6th Cir. 1997).

3

plaintiffs or tending to establish that the agreement entered into by it is no longer in effect.

Defendant also contends that the contributions sought are not contemplated by the parties' agreement. The parties agree that the pertinent language of the agreement requires that fringe benefit contributions are to be

> paid ... for all hours paid to each employee by the Employer under this Agreement which shall in no way be considered or used in the determination of overtime pay. Hours paid shall include Holidays and reporting hours which are paid.

*Construction Employers Association Building Agreement*, ¶38, at p.18 (attached as *Exhibit B* to *Defendant Maintenance Unlimited, Inc.'s Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment*, and as *Exhibit A* to *Plaintiffs' Motion for Summary Judgment*). According to defendant, some of the wages paid its employees are for work performed, (particularly during the winter months when outside work is impossible), to employees who are kept on the payroll "in non-operating engineering capacities." *Defendant Maintenance Unlimited, Inc.'s Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment*, at 5. Moreover, defendant contends that it is not obligated to pay fringe benefits in connection with vacation pay paid to any of its employees. Defendant's construction of the parties' agreement has been rejected by more than one court, including this Court. *See Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336 (9th Cir. 1988); *Noe v. R.D. Jones Excavating, Inc.*, 787 F.Supp. 759 (S.D. Ohio 1992). Both of these cases stand for

4

the proposition that a signatory employer is required to pay fringe benefits in connection with all hours worked and paid, even for non-covered hours. This "prophylactic rule" is designed to alleviate the unnecessary and undue burden of having to investigate the accuracy of an employer's records regarding assigned duties. This Court agrees and concludes that the record reflects no disputed issue of material fact. Plaintiffs are therefore entitled to summary judgment.

Plaintiffs are hereby AWARDED recovery of delinquent fringe benefit contributions in the principal amount $112,860.54, interest under 29 U.S.C. §1132(g)(2)(B) in the amount of $92,511.88 from October 15, 1997, plus $55.66 per day thereafter for so long as the delinquency remains unpaid, additional interest under 29 U.S.C. §1132(g)(2)(C) in the amount of $92,511.88 from October 15, 1997 so long as the delinquency remains unpaid, and the costs of collection, including attorneys fees and court costs under 29 U.S.C. §1132(g)(2)(D).

IT IS SO ORDERED.

John D. Holschuh, Judge
United States District Court